UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMS LIBERTY LLC,<br><br>                   Plaintiff,<br><br>v.<br><br>LINDA M. HIB, et al.,<br><br>                   Defendant. | Case No.: 18cv529-LAB (BGS)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**ORDER TO SHOW CAUSE RE: SANCTIONS;**<br><br>**ORDER FORBIDDING ANY DEFENDANT FROM REMOVING THIS CASE AGAIN; AND**<br><br>**ORDER OF REMAND** |

    Arun Mith, identifying himself as a Defendant in this case, filed a notice of removal, purporting to remove this unlawful detainer action from the Superior Court of California for the County of San Joaquin. Mith is proceeding pro se and has filed a motion to proceed in forma pauperis ("IFP").

    The notice of removal does not explain his connection to the property at issue in the case — for example, as an owner, tenant or resident. He has represented to this Court that he lives in San Diego, rather than Stockton, where the real

property is located that is the subject of this action. His IFP motion says he does not own any real estate and says his monthly rent is $500. By contrast, the state court complaint says the agreed monthly rent on the subject property is $2,000. The IFP motion also lists no one as relying on Mith for support.

The IFP motion is incomplete. In addition, it indicates he has no debts or assets of any kind; has received no gifts of money for the past twelve months; has not been employed for the past two years; and does not expect this to change in the next year. It says he receives $200 per month in public assistance, and estimates his monthly expenses at $780, yet fails to explain how he gets the money to pay these without any income or assets and without incurring debt. The motion to proceed IFP is **DENIED**.

The notice of removal is riddled with problems. *See* 28 U.S.C. § 1446 (setting forth procedures for removal). In addition to the problems mentioned above, the case was removed to the wrong court. Cases removed from state courts in San Joaquin County may be removed to the U.S. District Court for the Eastern District of California, not to this District. *See* § 1446(a). The case was filed in October of 2016, so even if the case is still pending in state court, removal is almost certainly untimely. The notice of removal says a copy was mailed to Plaintiff's counsel, but does not include proof of filing in the state court. *See* § 1446(d) (requiring that the removing party promptly file a copy of the notice of removal with the clerk of the state court from which the case was removed).

The notice of removal does not include the required showing of jurisdiction. See § 1446(a) (requiring the notice of removal to contain "a short and plain statement of the grounds for removal"). The notice cites 28 U.S.C. § 1343 and conclusorily claims Mith cannot get a fair trial in state court. (Notice of Removal, & 11.) This statute provides that U.S. District Courts have jurisdiction over actions to redress deprivations of certain federally-secured rights. A party seeking to remove a case under § 1443(1) must satisfy a two-part test. *See Patel v. Del Taco,*

*Inc.,* 446 F.3d 996, 999 (9th Cir. 2006). The notice of removal falls short of this. Finally, a review of dockets in California shows that this action has been removed to several other U.S. District Courts in California, as follows:

> 1. 16cv2999, removed December 23, 2016 to the Eastern District and remanded January 11, 2017, with instructions to the Clerk not to open another case involving this unlawful detainer action;
>
> 2. 17cv4792, removed June 29, 2017 to the Central District and summarily remanded July 7, 2017;
>
> 3. 17cv6615, removed September 8, 2017 to the Central District and remanded September 14, 2017;
>
> 4. 17cv8404, removed November 17, 2017 to the Central District purportedly by Arun Mith and remanded December 7, 2017;
>
> 5. 17cv9197, removed December 26, 2017 to the Central District, and remanded January 1, 2018;
>
> 6. 18cv766, removed January 30, 2018 to the Central District purportedly by Arun Muth and remanded February 6, 2018.

Mith filed motions to proceed IFP in the cases he removed, including declarations under penalty of perjury. These appear to conflict materially with each other, providing different addresses and giving different financial information. For example, in case 17cv8404 (affidavit dated November 17, 2017), he gives his address as 2488 Loma Vista Place in Los Angeles. He says he last filed an income tax return in 2015, and has no income of any kind. In case 18cv766 (affidavit dated January 29, 2018), he gives his address as 1594 Hickory Street in Los Angeles. He says he last filed an income tax return in 2016, and says he is receiving no income of any kind. In this case, he gives his address as 8462 Lake Ariana Avenue in San Diego, and says he is receiving $200 per month in public assistance.

In short, it appears Mith has removed this case that he knew was not removable, for improper purposes. He knew it was not removable because he and

3

his associates have repeatedly been told so by judges. It also appears that he has attempted to mislead the Court about his identity, address, financial status, and relationship to the case. And it appears he has done these things as part of a pattern of improper behavior for purposes of harassing, annoying, or imposing costs on Plaintiff GMS Liberty LLC, its counsel Jaime Patena, and/or the state court where the unlawful detainer action was filed, and possibly also delaying that action or lawful foreclosure or eviction. Although several different names were used in doing this, it appears that the same person or group of people acting together did all of this. In so doing, it appears he has violated Fed. R. Civ. P. 11, committed acts that potentially could be punished by contempt, and engaged in vexatious litigation — all in bad faith.

Arun Mith is therefore **ORDERED TO SHOW CAUSE** why he should not be sanctioned for his latest act of removing this case to federal court in the Southern District of California, and for misstatements and misleading omissions in documents he filed in this Court. He is **ORDERED TO APPEAR IN PERSON** at a hearing on **Monday, April 9, 2018 at 4:00 p.m.** in Courtroom 14A (Carter-Keep courthouse), 333 West Broadway, in San Diego, California, to address these issues and explain himself. If he intends to rely on any evidence, he should be prepared to present that at the hearing. He may be represented by counsel if he wishes, but he must still appear in person. Counsel for GMS Liberty may, but need not, appear at the hearing.

If Mr. Mith cannot appear on this date, he should file an ex parte motion (without obtaining a hearing date) well before the hearing, requesting a continuance and showing good cause for it. He should bear in mind that granting or denying such a request is within the Court's discretion. If he fails to appear as ordered, he will be subject to arrest and contempt proceedings.

The Clerk is directed to mail a copy of this order to Arun Mith at the address in the docket by a means that (assuming it is delivered) will provide proof of

delivery. The U.S. Marshals Service shall serve a copy of this order on Arun Mith, who can be found at 8711 Blue Grass Drive, Stockton, California 95210,[1] and shall file proof of service after doing so. The U.S. Marshals Service shall also serve a copy of this order on anyone else residing at 8711 Blue Grass Drive, and after doing so shall file proof of service.

Because this case was improperly removed, it is **REMANDED** to the Superior Court of California for the County of San Joaquin, except issues of sanctions, contempt, or other discipline as to Arun Mith and other Defendants, over which the Court retains jurisdiction.

Until further notice, Arun Mith and all other Defendants in this case, whether named in the caption or not, are **ORDERED** not to remove this case again.

**IT IS SO ORDERED**.

Dated: March 29, 2018

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge

---

[1] The Marshals Service may serve him wherever he may be found; it need not serve him at this address.